IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## ANN MARIE RUTHERFORD KECK,  v. RICHARD LEN KECK,

**Appeal from the Chancery Court for Washington County
No. 32113, Hon. Jean A. Stanley, Chancellor,**

---

**No. E1999-00371-COA-R3-CV - Decided April 18, 2000**

---

The parties to this divorce action had an antenuptial agreement which the Trial Court held did not preclude consideration of the increase in value of the marital residence as a marital asset. Husband has appealed.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

FRANKS, J., delivered the opinion of the court, in which GODDARD, P.J., AND SUSANO, J., joined.

Judith Fain, Johnson City, Tennessee for the Appellee.

Thomas C. Jessee, Johnson City, Tennessee for the Appellant.

### OPINION

The parties were married in January of 1986, and prior to the marriage they entered into an antenuptial agreement. The agreement provides in pertinent part:

1. The parties hereby waive and release any and all right, title and interest that each may acquire by operation of law upon solemnization of their marriage to any and all real property or personal property presently owned by the other spouse and that property is recognized as the separate property of the other spouse.

The prospective wife specifically releases and waives any and all right, title, interest or claim that she may acquire by operation of law upon the solemnization of the marriage to any and all real property or any interest therein owned by the prospective husband appearing of record as of the date of execution of this agreement,

specifically including the residence owned by the prospective husband located at 3609 Honeywood Drive, Johnson City, Tennessee and any other real property owned individually or jointly with others by the prospective husband. . .

The agreement also provides that the husband similarly waives rights in the wife's separate property.

During the course of the proceedings in the Trial Court, the Trial Court determined that the increase in value of the marital residence which was owned by the husband prior to the marriage, would be considered marital property, which amounted to $64,095.00. The Court also ruled that an equal division of the parties' marital assets would be equitable. The Court divided the marital assets such that the wife received $78,501.00, and the husband received $90,311.00. The Court then stated that having previously found that an equitable distribution would be an equal one, reserved final ruling regarding the amount of cash that one party would pay the other, "based upon a determination of the values of property going to each party."

Initially, it is argued that the Trial Court's order was not final for the purposes of appeal. While the Trial Court did not label the Order as "final," all issues have been adjudicated, except for an adjustment in the cash award to equalize the amount awarded to each party. We consider this to be a final judgment for the purposes of appeal.

The husband owned the marital residence prior to the marriage. Thus, it is his separate property. At the time of the marriage, the house was valued at $125,000.00. At the time of the divorce, the property was valued at $165,000.00. Additionally, the indebtedness on the house was reduced during the marriage by $24,095.00.

Appreciation in the value of a spouse's separate property is marital property where the other spouse substantially contributes to that appreciation. These contributions may be direct or indirect, and can include such things as a spouse's contribution as a "homemaker, wage earner, parent or family financial manager." *See* T.C.A. §36-4-121(b)(1)(C).

The wife worked throughout the marriage, contributing as a wage earner. In fact, the husband was unemployed from 1992 until the separation, during which time the wife was solely responsible for paying the mortgage on the house and generally providing for the family. The wife testified that when some major repairs and renovations were done, they were financed out of her salary. The wife also contributed indirectly by jointly caring for the children and maintaining their home. The evidence establishes that the wife contributed to the value of the home, both directly and indirectly. Thus, under the statutory provisions, the increase in the value of the home, including reduction in debt, is marital property.

The antenuptial agreement contained the following language regarding the house:

The prospective wife specifically releases and wives any and all right, title, interest or claim that she may acquire by operation of law upon the solemnization of the marriage to any and all real property or any interest therein owned by the prospective

husband appearing of record as of the date of execution of this agreement, specifically including the residence owned by the prospective husband located at 3609 Honeywood Drive, Johnson City, Tennessee. . .

This provision deals with the rights that the wife acquires by operation of law upon the solemnization of the marriage. The Code provision that grants a spouse interest in the increase in value of marital property does not grant a spouse any rights upon the solemnization of the marriage. Examples of the rights vesting in a spouse at the time of the marriage relate to intestacy and other rights upon the death of the spouse.

Since the agreement does not deal with issues of appreciation during the marriage, the appreciation of the marital residence was properly classified as marital property. *Accord; Wilson v. Wilson*, 987 S.W.2d 555 (Tenn. Ct. App. 1998); *Nixon v. Nixon*, 1997 WL 167891 (Tenn. Ct. App. 1997).

The wife raises the issue as to a stipulation between the parties. It is unnecessary to reach this issue because the amount involved is included in the value of the marital property, and we affirm the Trial Judge's judgment as to the distribution of the marital estate.

The Judgment of the Trial Court is affirmed and there is no basis to find the appeal frivolous. The cost of appeal is assessed to the appellant and the cause remanded.